**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO SANCHEZ REYES,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-316<br><br>Agency No.    A095-808-249<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2023
Pasadena, California

Before: GILMAN,<sup>**</sup> FORREST, and H.A. THOMAS, Circuit Judges.

Jose Antonio Sanchez Reyes, a citizen of Mexico, petitions for review of

an order by the Board of Immigration Appeals (BIA) dismissing his appeal

from an order of an immigration judge (IJ) denying his applications for asylum,

withholding of removal, cancellation of removal, and protection under the

Convention Against Torture (CAT).

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Ronald Lee Gilman, United States Circuit Judge
for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction in part under 8 U.S.C. § 1252(a). "Because the BIA agreed with the IJ's reasoning and added some of its own, we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted). Factual findings pertaining to all of Sanchez Reyes's claims are reviewed under the "substantial evidence" standard, meaning that "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

1. Sanchez Reyes failed to challenge before the BIA the IJ's determination that his asylum claim was time-barred. The BIA thus deemed any challenge waived on appeal. This constitutes a failure by Sanchez Reyes to exhaust his asylum claim before the agency, which deprives us of jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We therefore dismiss the petition as to Sanchez Reyes's asylum claim.

2. To qualify for withholding of removal, an applicant must show a "clear probability" of persecution because of a protected ground, such as membership in a "particular social group." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (internal quotation marks omitted). If a petitioner can show that he has suffered past persecution, a clear probability of future persecution is presumed. *Sharma*, 9 F.4th at 1060.

Substantial evidence supports the BIA's conclusion that Sanchez Reyes did not himself experience past persecution based on several members of his family being killed by the Zeta cartel. Harm to others, even to family members, generally does not constitute persecution when the applicant is not personally harmed or threatened. *Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010). Moreover, all the violence against Sanchez Reyes's family, except for the murder of his brother in the 1990s, occurred after Sanchez Reyes left Mexico. *See id.* at 1092 ("[W]e have not found that harm to others may substitute for harm to an applicant . . . who was not in the country at the time he claims to have suffered past persecution there.").

Substantial evidence likewise supports the BIA's conclusion that Sanchez Reyes did not experience past persecution because of the anonymous verbal threats to his parents. Although death threats alone can constitute persecution under certain circumstances, *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000), the threats in this case were not directed at Sanchez Reyes himself. *See Tamang*, 598 F.3d at 1092.

An applicant who fails to establish past persecution may nevertheless qualify for withholding of removal by showing that he is "more likely than not" to suffer future persecution. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (citing 8 C.F.R. § 1208.16(b)(2)). Substantial evidence, however, supports the BIA's conclusion that Sanchez Reyes has failed to establish a clear probability of future persecution. The BIA correctly observed that Sanchez

3

Reyes's application for withholding is undercut by the fact that his parents and remaining siblings have lived in Mexico for more than a decade without suffering physical harm.

Although the ongoing anonymous threats to Sanchez Reyes's parents are relevant and suggest that they have not lived in Mexico completely without incident, the threats do not compel the conclusion that Sanchez Reyes himself is more likely than not to suffer persecution. *See Tamang*, 598 F.3d at 1094–95 ("[Petitioner] cited to vague threats made against his family. Although a reasonable factfinder may find these threats relevant, the threats do not compel a finding of clear probability of future persecution."); *cf. Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). We therefore deny the petition as to Sanchez Reyes's withholding-of-removal claim.

3.     As for Sanchez Reyes's request for cancellation of removal, he does not challenge the BIA's denial of such relief in his petition for review. This issue has therefore been forfeited. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

4.     Finally, Sanchez Reyes briefly argues that the BIA "incorrectly determined that the record lacks any evidence that [he] would be subjected to torture in Mexico." He argues that the murders of several of his family members establish "a strong likelihood that upon [his] return to Mexico, he will be a victim of harm." But Sanchez Reyes does not meaningfully challenge the

4

IJ's finding that his limited testimony on these incidents did not establish that they rose to the level of torture, or the IJ's conclusion that he failed to "present[] evidence showing that the Mexican government is willfully blind to torture." He has therefore forfeited appellate review of his CAT claim. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

And even absent this forfeiture, we find no evidence in the record compelling the conclusion that Sanchez Reyes, in particular, is more likely than not to be tortured in Mexico. *See Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020) (holding that "speculation that the same individuals who targeted [the petitioner's] family members in 1996 would target him [decades later] if he returned" was "insufficient" to establish a likelihood of torture).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**